IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| SHERYL A. GEISE, on behalf of plaintiff and the class members described herein, <br><br> Plaintiff, <br><br> vs. <br><br> WELTMAN, WEINBERG, & REIS CO., LPA, <br><br> Defendant. | Case No.: 2:19-cv-195 |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Sheryl A. Geise brings this action to secure redress from unlawful credit and collection practices engaged in by defendant Weltman, Weinberg, & Reis Co., L.P.A. ("WWR"). Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and the use of any false or deceptive statements in connection with debt collection attempts. It also requires debt collectors to give debtors certain information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

3. In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

4. Because of this, courts have held that "the FDCPA's legislative intent emphasizes

1

the need to construe the statute broadly, so that we may protect consumers against debt collectors' harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

5. The FDCPA encourages consumers to act as "private attorneys general" to enforce the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*, 259 F.3d 662, 666 (7th Cir. 2001).

6. Plaintiff seeks to enforce those policies and civil rights which are expressed through the FDCPA, 15 U.S.C. §1692 *et seq*.

## VENUE AND JURISDICTION

7. This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331 and 28 U.S.C. §1337.

8. Venue and personal jurisdiction in this District are proper because defendant's collection communication (Appendix A) was received by plaintiff within this District.

## PARTIES

9. Plaintiff Sheryl A. Geise is an individual who resides in Chesterton, Indiana.

10. Defendant WWR is a law firm organized as an Ohio professional corporation with offices at 323 W. Lakeside Ave., Cleveland, OH 44113; 525 Vine Street, Suite 800, Cincinnati, OH 45202; and 180 N. LaSalle Street, Suite 2400, Chicago, IL 60601.

11. Defendant WWR states on its web site "When traditional collection efforts are exhausted, our experienced collection attorneys are standing by to file suit. We provide direct legal representation in our footprint states of Illinois, Indiana, Kentucky, Michigan, New Jersey, Ohio, and Pennsylvania. For matters outside these states, our National Attorney Network acts as local counsel, anywhere a consumer in the U.S. is located. Our attorneys are supported by extensive staff and resources to help move accounts through litigation to liquidation, including

an in-house skip/asset tracing team, legal account resolution specialists, client services, and legal assistants." (http://www.weltman.com/practices/consumer-collections)

12. Defendant WWR uses the mails and telephone system and Internet in conducting its practice.

13. Defendant WWR regularly collects alleged consumer debts owed to others.

14. Defendant WWR is a debt collector as defined in the FDCPA.

## FACTS

15. Defendant WWR has been attempting to collect from plaintiff an alleged retail installment contract debt owed to Ally Bank, incurred for personal, family or household purposes and not for business purposes.

16. On or about December 11, 2018, defendant WWR sent plaintiff the letter and complaint attached as Appendix A.

17. Appendix A is the first letter plaintiff received from defendant WWR regarding the alleged debt described therein.

18. Appendix A is a form letter, filled out by computer in a standardized manner.

19. On information and belief, based on its contents, Appendix A is a form intended for use as the first letter defendant WWR sends to a consumer regarding the debt described therein.

20. Appendix A states that the "balance owing" is stated in the enclosed complaint.

21. The enclosed complaint does not state a "balance owing." It gives a principal sum, accrued finance charges as of a date about a month prior to the date of the letter, plus finance charges thereafter at 12.75% per annum, plus late fees, plus "costs that are expended in the collection or enforcement of said obligation, including, but not limited to, its reasonable attorney's fees," plus "costs incurred in taking possession of the property."

22. WWR filed suit on behalf of Ally Bank against Ms. Geise on the same date that the letter was sent, December 11, 2018.  (Appendix B)

23. Ms. Geise was served on December 18, 2018, according to the docket (Appendix B).

24. Ms. Geise received Appendix A in the regular course of the mails after it was sent, and before December 18, 2018.

25. Appendix A does not inform the consumer that if they request verification within the 30 day verification period, WWR will suspend efforts to collect the debt until verification is provided.

26. Ms. Geise was in fact confused as to the amount of the debt and as to her legal rights as a result of WWR's actions. This prompted her to retain counsel to represent her in the instant litigation.

## COUNT I – FDCPA

27. Plaintiff incorporates paragraphs 1-26.

28. Appendix A violates 15 U.S.C. §1692e, 1692e(2), 1692e(10) and 1692g, in that it:

    a. Fails to state the amount of the debt;

    b. Fails to  inform the consumer that if they request verification within the 30 day verification period, WWR will suspend efforts to collect the debt until verification is provided.

29. Section 1692g provides:

    **§ 1692g.  Validation of debts**

    **(a) Notice of debt; contents.  Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--**

4

    **(1) the amount of the debt;**

    **(2) the name of the creditor to whom the debt is owed;**

    **(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;**

    **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**

    **(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.**

**(b) Disputed debts.  If the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this title may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.**

**(c) Admission of liability.  The failure of a consumer to dispute the validity of a debt under this section may not be construed by any court as an admission of liability by the consumer.**

**(d) Legal pleadings.  A communication in the form of a formal pleading in a civil action shall not be treated as an initial communication for purposes of subsection (a).**

**(e) Notice provisions.  The sending or delivery of any form or notice which does not relate to the collection of a debt and is expressly required by the Internal Revenue Code of 1986 [*26 USCS §§ 1* et seq.], title V of Gramm-**

> **Leach-Bliley Act [*15 USCS §§ 6801* et seq.], or any provision of Federal or State law relating to notice of data security breach or privacy, or any regulation prescribed under any such provision of law, shall not be treated as an initial communication in connection with debt collection for purposes of this section.**

30. Section 1692e provides:

> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(2) The false representation of—**
>
> > **(A) the character, amount, or legal status of any debt; or**
> >
> > **(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .**
>
> **(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

31. As a result, plaintiff was deprived of information required to be disclosed by law and presented with ambiguous and misleading information when the FDCPA required clear and accurate information. Plaintiff suffered an injury in fact by being subjected to unfair and abusive practices of the defendant.

32. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights. The FDCPA enables consumers to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. One purpose of the FDCPA, among others, is to provide information that helps consumers choose intelligently. Defendant's false representations misled the plaintiff in a manner that deprived her of her right to enjoy these benefits. As a result, defendant's materially misleading statements trigger liability under § 1692e of the FDCPA.

## CLASS ALLEGATIONS

33. Plaintiff brings this claim on behalf of a class, pursuant to Fed.R.Civ.P. 23(a) and 23(b)(3).

34. The class consists of (a) all individuals (b) to whom WWR sent a letter in the form represented by Appendix A (c) which letter was sent on or after a date one year prior to filing this action and on or before a date 21 days after filing this action.

35. On information and belief, based on defendant's size and the use of a form letter, the class exceeds 40, and is so numerous that joinder of all members is not practicable.

36. The identities of all class members are readily ascertainable from the records of defendant and its clients.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common question is whether Exhibit A violates the FDCPA.

38. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. Plaintiff will fairly and adequately represent the class members. Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel with experience in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor her counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

40. A class action is superior for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement

mechanism under the FDCPA.

WHEREFORE, the Court should enter judgment in favor of plaintiff and the class members and against defendant for:

      i.      Statutory damages;

      ii.     Attorney's fees, litigation expenses and costs of suit;

      iii.    Such other and further relief as the Court deems proper.


      /s/ Daniel A. Edelman
      Daniel A. Edelman

Daniel A. Edelman
Cathleen M. Combs
Heather A. Kolbus
Mary Frances Charlton
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com


Michael P. McIlree
100 Brown Ave., Suite 2
Chesterton, IN 46304
(219) 548-1800
mcilree1@aol.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.

/s/ Daniel A. Edelman
Daniel A. Edelman

Daniel A. Edelman
EDELMAN, COMBS, LATTURNER
    & GOODWIN, LLC
20 S. Clark Street, Suite 1500
Chicago, Illinois  60603
(312) 739-4200
(312) 419-0379 (FAX)